UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PENN-STAR INSURANCE COMPANY, et al.,

                          Plaintiffs,                        23-cv-4995 (PKC)

         -against-                                                  ORDER

CO/ACTION SPECIALTY INSURANCE
GROUP f/k/a SOUTHWEST MARINE AND
GENERAL INSURANCE COMPANY,

                          Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction <u>sua sponte</u>.

        Plaintiffs Penn-Star Insurance Company, Evergreen Tiebout Housing Development Fund Corp., and Evergreen Tiebout, LLC bring this action invoking subject matter jurisdiction by reason of diversity of citizenship. The complaint alleges that plaintiff Evergreen Tiebout, LLC "was and still is a domestic limited liability company under the laws of and having its principal place of business in the State of New York." (ECF 1 ¶ 4.) Evergreen Tiebout, LLC is alleged to have two members: Evergreen Tiebout Manager, LLC and CDT Evergreen, LLC. (<u>Id.</u> ¶ 5.) Evergreen Tiebout Manager, LLC is in turn alleged to be a limited liability company comprising a single member, Larry Hirschfield, "who is a resident of the State of New York." (<u>Id.</u> ¶¶ 6-7.) CDT Evergreen, LLC is alleged to be "a limited liability company that has not yet been formed as a recognized legal entity." (<u>Id.</u> ¶ 8.) Despite the allegation that this entity does not exist, the complaint alleges that CDT Evergreen, LLC has one constituent member,

Community Development Trust, L.P., "a domestic limited partnership organized under the laws of and having its principal place of business in the State of New York." (Id. ¶ 9.)

The complaint alleges that the defendant CO/Action Specialty Insurance Group "was and still is an insurance company organized under the laws of and having its principal place of business in the State of New Jersey." (Id. ¶ 10.)

An action premised upon diversity of citizenship in which a limited liability company or limited partnership is a party must allege the citizenship of natural persons who are members of the limited liability company or limited partnership and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company or limited partnership. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)).

The complaint does not properly allege the citizenship of plaintiff Evergreen Tiebout, LLC. This limited liability company allegedly has two members: (1) Evergreen Tiebout Manager, LLC and (2) CDT Evergreen, LLC. Evergreen Tiebout Manager, LLC's sole member, Larry Hirschfield, is alleged to be "a resident of the State of New York," but the complaint does not allege Larry Hirschfield's citizenship. An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). However, "[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another." Kennedy v. Trustees of Testamentary Trust of

Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (Pauley, J.) (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47-49 (1989)).

The citizenship of the second member of Evergreen Tiebout, LLC is also inadequately pled. The complaint alleges that CDT Evergreen, LLC has not yet been formed and does not elaborate on how an entity that does not exist may act as a plaintiff in this lawsuit. Nevertheless, CDT Evergreen, LLC allegedly has a single member, Community Development Trust, L.P., a limited partnership. The complaint does not identify the members of this partnership nor does it allege their citizenship.

The complaint also alleges that plaintiff Penn-Star Insurance Company and defendant CO/Action Specialty Insurance Group are both "insurance compan[ies]." (ECF 1 ¶¶ 1, 10) This language contrasts with the complaint's more specific description of the two other plaintiffs as a "corporation" and an "limited liability company." (Id. ¶¶ 2, 4) Additionally, while the complaint describes the defendant as organized under the laws of and having its principal place of business in New Jersey, the Civil Cover Sheet filed by plaintiffs alongside the complaint indicates that the defendant is instead a citizen of New York. (ECF 4 at 2.) Given these inconsistencies, the allegations regarding the corporate form and corresponding citizenship of these two parties have not been pleaded with sufficient clarity.

Within 14 days of this Order, plaintiffs shall amend their complaint to: (1) properly allege the citizenship of Larry Hirschfield; (2) specify the corporate form of plaintiff Penn-Star Insurance Company and defendant CO/Action Specialty Insurance Group; (3) clarify the citizenship of the defendant; (4) clarify how CDT Evergreen, LLC is participating in this suit as a unformed limited liability company, or alternatively, identify under what state law it has been organized; and (5) properly allege the citizenship of each of member of Community

Development Trust, L.P. If by this date plaintiffs either fail to amend or are unable to amend to truthfully allege diversity of citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 27, 2023